Filed 3/4/26  P. v. Vasquez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR ROMERO VASQUEZ,<br><br>    Defendant and Appellant. | F089965<br><br>(Super. Ct. Nos. PCF463436,<br>PCF437096)<br><br>**OPINION** |

THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Ricky Tripp, Judge.

Sara E. Coppin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Meehan, J. and Harrell, J.

**INTRODUCTION**

Appellant and defendant Victor Romero Vasquez appealed, with a certificate of probable cause, from a final judgment following a no contest plea that disposed of all issues between the parties.  (Pen. Code, §§ 1237, 1237.5.)[1]

Counsel for appellant filed an opening brief summarizing the pertinent facts and raising no issues, but asking this court to review the record independently.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  The opening brief also includes a declaration from counsel stating appellant was advised of his right to file a brief of his own with this court.  By letter dated December 4, 2025, this court also invited appellant to submit additional briefing within 30 days.  Appellant did not file a response.

Pursuant to *Wende, supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, 110 (*Kelly*), we have reviewed the entire record and find no arguable error that would result in a disposition more favorable to appellant.  Therefore, we affirm the judgment.

**BACKGROUND**

In March 2022, the Tulare County Sheriff's Department received a report of an assault at a residence identifying appellant as the suspect.[2]  Responding deputies were informed appellant entered the residence and physically assaulted two people.  He then drew a firearm and threatened to shoot the victims.  One of the victims reported he was having issues with appellant and this was the third time appellant had assaulted him.

In January 2023, in Tulare Superior Court case No. PCF437096, appellant was charged by criminal complaint with two counts of assault with a firearm, making criminal

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     We include a brief summary of the facts from the probation report, which was based from law enforcement reports, only for general background.  Appellant entered his plea pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*).  (*In re Alvernaz* (1992) 2 Cal.4th 924, 932 [characterizing a *West* plea as a "plea of nolo contendere, not admitting a factual basis for the plea"].)

threats, assault with a deadly weapon, misdemeanor battery, and misdemeanor aggravated trespass. (§§ 245, subd. (a)(2) [counts 1 & 2]; 422, subd. (a) [count 3]; 245, subd. (a)(1) [count 4]; 242 [count 5]; 602.5, subd. (b) [count 6].) The complaint also alleged appellant personally used a firearm to commit assault with a firearm (§ 12022.5, subds. (a), (d); counts 1 & 2), and personally used a firearm when making criminal threats (§ 12022.5, subd. (a); count 3).

In June 2023, following the preliminary hearing at which the trial court found insufficient evidence to support a charge for making criminal threats, the prosecutor filed an amended information realleging the same charges with the exception of criminal threats.

In January 2024, appellant entered a *West* plea of no contest to count 1, assault with a firearm in violation of section 245, subdivision (a)(2), with a sentence enhancement for personal use of a firearm under section 12022.5, subdivisions (a) and (d). The indicated sentence was an aggregate term of six years in state prison, suspended, with two years of felony probation and 364 days in jail.

In February 2024, after taking an *Arbuckle*[3] waiver, the trial court imposed the middle term of three years in state prison for assault with a low term of three years for the firearm enhancement, for an aggregate term of six years. The court suspended execution of sentence and placed appellant on probation for two years with 364 days in custody, with credit for time served based on a credit award of 424 days. The court imposed a restitution fine of $500 (§ 1202.4, subd. (b)); a $500 probation revocation restitution fine, suspended (§ 1202.44); a court operations assessment of $40 (§ 1465.8, subd. (a)(1)); and a court facilities assessment of $30 (Gov. Code, § 70373, subd. (a)).

---

[3]     *People v. Arbuckle* (1978) 22 Cal.3d 749, 756–757.

In September 2024, appellant was charged with one misdemeanor count of possession of a controlled substance in Tulare Superior Court case No. PCM458856. (Health & Saf. Code, § 11550, subd. (a).)

In February 2025, appellant was charged with one felony count of carrying a dirk or a dagger in Tulare Superior Court case No. PCF463436. (§ 21310.)

In April 2025, appellant entered pleas of no contest to carrying a dirk or a dagger in Tulare Superior Court case No. PCF463436, and to an amended public nuisance charge in Tulare Superior Court case No. PCM458856. (§ 370.)

In June 2025, at the sentencing hearing, appellant requested a *Marsden* hearing. (*People v. Marsden* (1970) 2 Cal.3d 118.) The trial court held a hearing and denied the motion. The court then terminated probation in Tulare Superior Court case No. PCF437096, imposed the previously suspended six-year prison sentence, and awarded appellant 381 days of credit. The court imposed a restitution fine of $500 (§ 1202.4, subd. (b)); a $500 parole revocation restitution fine, suspended (§ 1202.45); a court operations assessment of $40 (§ 1465.8, subd. (a)(1)); and a court facilities assessment of $30 (Gov. Code, § 70373, subd. (a)). In Tulare Superior Court case No. PCF463436, the court sentenced appellant to the lower term of 16 months, to run concurrently with his sentence in Tulare Superior Court case No. PCF437096, and imposed a restitution fine of $300 (§ 1202.4, subd. (b)); a $300 parole revocation restitution fine, suspended (§ 1202.45); a court operations assessment of $40 (§ 1465.8, subd. (a)(1)); and a court facilities assessment of $30 (Gov. Code, § 70373, subd. (a)). In Tulare Superior Court case No. PCM458856, the court ordered appellant to serve a concurrent term of 240 days, with credit for time served.

Appellant filed a timely notice of appeal and obtained a certificate of probable cause. (§ 1237.5.)

## DISCUSSION

"[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal. California's procedure for securing this right requires counsel to file a brief summarizing the proceedings and the facts with citations to the record, and requires the appellate court to review the entire record to determine whether there is any arguable issue." (*Kelly, supra*, 40 Cal.4th at p. 119.) Appellant did not file a response to our letter inviting him to submit additional briefing and having undertaken an examination of the entire record pursuant to *Wende* and *Kelly*, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.